IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **RICHARD JOSEPH BROCKMAN,** | |
| **Plaintiff,** | |
| v. | 1:13-cv-2230-WSD |
| **OCWEN LOAN SERVICING LLC** et al., | |
| **Defendants.** | |

**OPINION AND ORDER**

This matter is before the Court on Plaintiff's Response to the Court's Order to Show Cause [11].

**I.     BACKGROUND**

On July 3, 2013, Plaintiff Richard Joseph Brockman, Jr. ("Plaintiff"), proceeding *pro se*, filed this action against Defendants Ocwen Loan Servicing LLC ("Ocwen LLC"), BCHH, Inc ("BCHH"), and First Ohio Banc & Lending, Inc. ("First Ohio") (collectively, "Defendants"). In his Complaint [1], Plaintiff alleges that Defendants improperly and falsely reported negative information concerning Plaintiff's credit history. Plaintiff's Complaint asserts claims for breach of contract (Count I), negligence and malpractice (Count II), defamation by libel (Count III), and litigation expenses under Georgia law (Count IV).

On July 19, 2013, the Court, after reviewing Plaintiff's Complaint, issued an order (the "Show Cause Order") addressing the Court's subject matter jurisdiction over this matter.  The Court found that, although not explicit in the Complaint, the Court could have only diversity jurisdiction because the Complaint asserts only state law causes of action.  The Court further found, however, that the Complaint failed to establish diversity jurisdiction because Plaintiff failed to allege sufficient facts to show the citizenship of Defendants.  The Court specifically noted that Plaintiff failed to allege the principal places of business of BCHH and First Ohio, both of which are corporations, and that Plaintiff failed to allege the citizenship of the members of Ocwen LLC, a limited liability company.  The Court ordered Plaintiff to identify the citizenship of each Defendant.

On August 19, 2013, Plaintiff filed his response to the Show Cause Order.  In it, Plaintiff asserts that BCHH is a Pennsylvania corporation with its principal place of business in Pennsylvania, and that First Ohio is an Ohio corporation with its principal place of business in Ohio.  Plaintiff does not identify the members of Ocwen LLC or identify the citizenship of Ocwen LLC's members.  Plaintiff asserts that this information is not available to him, and he attaches documents showing the addresses of Ocwen LLC's managers.

## II.   DISCUSSION

Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 501 (2006).  The Eleventh Circuit consistently has held that "a court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings.  Indeed, it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999).

As discussed in the Show Cause Order, it is clear, and Plaintiff does not dispute, that the Court has subject-matter jurisdiction in this action, asserting only state law causes of action, only if there is diversity jurisdiction.  See 28 U.S.C. § 1332(a).  Diversity jurisdiction exists where the amount in controversy exceeds $75,000 and the suit is between citizens of different states.  Id.  "Diversity jurisdiction, as a general rule, requires complete diversity—every plaintiff must be diverse from every defendant." Palmer Hosp. Auth. of Randolph Cnty., 22 F.3d 1559, 1564 (11th Cir. 1994).  "Citizenship for diversity purposes is determined at the time the suit is filed." MacGinnitie v. Hobbs Grp., LLC, 420 F.3d 1234, 1239 (11th Cir. 2005).  "The burden to show the jurisdictional fact of diversity of

citizenship [is] on the . . . plaintiff." King v. Cessna Aircraft Co., 505 F.3d 1160, 1171 (11th Cir. 2007) (alteration and omission in original) (quoting Slaughter v. Toye Bros. Yellow Cab Co., 359 F.2d 954, 956 (5th Cir. 1966)).

In his response to the Show Cause Order, Plaintiff has shown that BCHH is a citizen of Pennsylvania and that First Ohio is a citizen of Ohio. See 28 U.S.C. § 1332(c)(1). Plaintiff has failed, however, to show the citizenship of Ocwen LLC, a limited liability company. "[A] limited liability company is a citizen of any state of which a member of the company is a citizen." Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004). Plaintiff has not identified the members of Ocwen LLC or the citizenship of the members.

The fact that this information may not be available to Plaintiff does not excuse Plaintiff from his obligation to plead it to establish the Court's jurisdiction. Cf. Lowery v. Ala. Power Co., 483 F.3d 1184, 1216–17 (11th Cir. 2007) (explaining that "a plaintiff bringing an original action is bound to assert jurisdictional bases under Rule 8(a)"). Because Plaintiff has not shown the citizenship of Ocwen LLC, Plaintiff has not satisfied his burden "to show the jurisdictional fact of diversity of citizenship," and this action is required to be dismissed for lack of subject matter jurisdiction. See King, 505 F.3d at 1171 (quoting Slaughter, 359 F.2d at 956); see also Travaglio v. Am. Express Co., No.

11-15292, 2013 WL 4406389, at *2–3 (11th Cir. Aug. 19, 2013) (publication pending) (holding that court must dismiss action for lack of subject matter jurisdiction unless pleadings or "sworn" evidence establishes jurisdiction).

### III. CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that this action is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.[1]

**SO ORDERED** this 9th day of October, 2013.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

---

[1] If Plaintiff is able to provide the jurisdictional information about Ocwen LLC that is required, he may seek to file a new complaint.